IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America       ) | |
|                                             ) | Cr. No. 8:05-399-HMH |
|           vs.                   ) | |
|                                             ) | **OPINION & ORDER** |
| Tarik Washington,            ) | |
|                                             ) | |
|            Movant.             ) | |

This matter is before the court on Tarik Washington's ("Washington") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Washington's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 24, 2005, Washington pled guilty to one count of knowing possession of a firearm and ammunition, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); one count of knowing possession of a firearm which had the importer's and manufacturer's serial number removed, obliterated, and altered in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On January 6, 2006, Washington was sentenced to one hundred (100) months' imprisonment as to counts one and three, and sixty (60) months' imprisonment as to count two, to be served concurrently. Washington appealed, and on June 28, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction. See United States v. Washington, No. 06-4046, 2006 WL 1819026 (4th Cir. June 28, 2006)

1

(unpublished). Washington filed the instant § 2255 motion on November 30, 2006,[1] in which he alleges that his trial counsel, James Loggins ("Loggins"), was constitutionally ineffective. On January 8, 2007,[2] Washington filed a motion requesting "judicial notice of the adjudicative facts pursuant to rule 201 of the Federal Rules of Civil Procedure," which the court will construe as an amendment to his § 2255 motion.

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Washington must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Washington must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In his § 2255 motion, Washington states that he was denied effective assistance of counsel because Loggins (1) failed to move to suppress certain evidence obtained during

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] Id.

2

Washington's arrest made pursuant to an illegally obtained arrest warrant; and (2) failed to move to suppress Washington's statements given without a Miranda warning. (Washington's § 2255 Mot. 5, 13.)

### 1. Search Warrant

On August 4, 2004, an officer with the Abbeville, South Carolina Police Department saw Washington standing in the parking lot of a grocery store in Abbeville County, South Carolina. (Sentencing Tr. 34.) The officer was aware that Washington had two outstanding warrants for his arrest. (Id.) By the time the officer stopped at the grocery store, Washington had entered the store. The officer motioned for Washington to come out and informed Washington that he was under arrest pursuant to two outstanding arrest warrants. (Id.) According to Washington, the officer then asked Washington if he had anything on his person that they needed to know about. (Washington's § 2255 Mot. 13.) Washington responded that he had a gun and drugs in his pocket. (Id.) Upon searching Washington, the officer found a pistol and cocaine base in Washington's pocket, which led to the indictment in the instant case. (Sentencing Tr. 34-35.)

Washington argues that Loggins was constitutionally ineffective for failing to move to suppress evidence of the gun and cocaine base found during Washington's arrest.[3] Washington argues that because the warrant for his arrest issued on August 3, 2004, was illegally obtained,

---

[3] To the extent Washington's arguments could be construed as a direct attack on his arrest warrant and resulting search, "[a] knowing and voluntary guilty plea waives antecedent nonjurisdictional errors, including claims of unlawful search and seizure." United States v. Devaughn, No. 03-4312, 2003 WL 22057945, at *1 (4th Cir. Sept. 3, 2003) (unpublished) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

3

the evidence discovered during Washington's arrest should have been excluded as "fruits of an illegal search." (Washington's § 2255 Mot. 5.)

Washington does not dispute that there were two outstanding warrants for his arrest. Washington only challenges the legality of the arrest warrant issued August 3, 2004. Accordingly, even if the August 3, 2004, arrest warrant could be shown to be invalid, Washington's arrest on August 4, 2004, was properly made pursuant to the other outstanding arrest warrant against him. Therefore, a motion to suppress the evidence of the gun and cocaine base found on Washington on the basis of an illegally obtained arrest warrant would have been without merit. See Segura v. United States, 468 U.S. 796, 815 (1984) ("[E]vidence will not be excluded as 'fruit' unless the illegality is at least the 'but for' cause of the discovery of the evidence."). Based on the foregoing, Washington cannot demonstrate that Loggins' failure to file a motion to suppress was unreasonable or that he suffered prejudice as a result of Loggins' decision. Therefore, Washington's claim that he received ineffective assistance of counsel based on Loggins' failure to file a motion to suppress evidence comprised of the gun and cocaine base is without merit.

### 2.  Miranda Warning

Second, Washington alleges that Loggins was constitutionally ineffective for failing to "move to suppress [Washington's] un-Mirandized statement." (Washington's § 2255 Mot. 13.) Washington argues that the officer violated his right against self-incrimination, as set forth in Miranda v. Arizona, 384 U.S. 436 (1966), when the officer asked Washington upon his arrest "if he had anything on his person that they needed to know about." (Washington's § 2255 Mot.

13.) Washington contends that the officer should have advised Washington of his <u>Miranda</u> rights prior to asking this question. (<u>Id.</u> 13-14.)

Washington's argument is without merit. "Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime." <u>Preston v. United States</u>, 376 U.S. 364, 367 (1964). As discussed above, Washington was lawfully arrested. Therefore, the arresting officer had a right to search Washington's person incident to his lawful arrest. Washington does not challenge the scope of this search. During this lawful search, the officer found the gun and cocaine base which led to the indictment in this case.

A claim that a plea of guilty was motivated by a coerced confession will be unsuccessful unless the defendant can "demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial." <u>McMann v. Richardson</u>, 397 U.S. 759, 772 (1970). Because the officer found the gun and cocaine base in Washington's possession pursuant to a lawful search, the evidence of the gun and cocaine base found on him would have been admissible at trial even if Washington could demonstrate that his <u>Miranda</u> rights were violated when he responded to the arresting officer's question. Further, police officers are justified in asking questions necessary to secure their own safety or the safety of the public, and the holding in <u>Miranda</u> does not extend to suppressing statements made in response to such questions. <u>See</u> <u>New York v. Quarles</u>, 467 U.S. 649, 658-59 (1984).

Moreover, at Washington's sentencing, the government stated that Washington freely volunteered that he had the gun and drugs on his person in response to the officer's statement

that there were two outstanding warrants for his arrest. (Sentencing Tr. 34.) Washington agreed with this factual summary. (Id. 35.) "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." Miranda, 384 U.S. at 478. Therefore, Washington cannot demonstrate that Loggins' recommendation to plead guilty in lieu of challenging the admissibility of Washington's statement was unreasonable. Hence, this claim is without merit. Based on the foregoing, Washington's § 2255 motion is summarily dismissed.

Therefore, it is

**ORDERED** that Washington's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 30, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.