IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:05-399-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Tarik Kawendo Washington, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Tarik Kawendo Washington's ("Washington") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and motion to amend his § 2255 motion. After careful consideration of the motion and the record in this case, the court denies Washington's motions.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 4, 2004, an officer with the Abbeville, South Carolina Police Department saw Washington standing in the parking lot of a grocery store in Abbeville County, South Carolina. (Sentencing Tr. 34.) The officer was aware that Washington had two outstanding warrants for his arrest. (Id.) By the time the officer stopped at the grocery store, Washington had entered the store. The officer motioned for Washington to come out and informed Washington that he was under arrest pursuant to two outstanding arrest warrants. (Id.) According to Washington, the officer then asked Washington if he had anything on his person that he needed to know about. (Washington's § 2255 Mot. 13.) Washington responded that he had a gun and drugs in his pocket. (Id.) Upon searching Washington, the officer found a pistol and cocaine base in Washington's pocket, which led to the indictment in the instant case. (Sentencing Tr. 34-35.)

1

On August 24, 2005, Washington pled guilty to one count of knowing possession of a firearm and ammunition, after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); one count of knowing possession of a firearm which had the importer's and manufacturer's serial number removed, obliterated, and altered in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On January 6, 2006, Washington was sentenced to one hundred (100) months' imprisonment as to counts one and three, and sixty (60) months' imprisonment as to count two, to be served concurrently. Washington appealed, and on June 28, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence and conviction. See United States v. Washington, No. 06-4046, 2006 WL 1819026 (4th Cir. June 28, 2006) (unpublished).

Washington filed a § 2255 motion on November 30, 2006,[1] in which he alleged that his trial counsel, James Loggins ("Loggins"), was constitutionally ineffective. On January 8, 2007,[2] Washington filed a motion requesting "judicial notice of the adjudicative facts pursuant to Rule 201 of the Federal Rules of Civil Procedure," which the court construed as an amendment to his § 2255 motion. (Washington's Mot. Judicial Notice 1.) On January 30, 2007, the court summarily dismissed Washington's § 2255 motion.

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

[2] Id.

2

On February 9, 2007,[3] Washington filed the instant motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On February 23, 2007, Washington filed a second motion to amend his § 2255 motion.

## II. DISCUSSION OF THE LAW

In his § 2255 motion, Washington argued that Loggins was constitutionally ineffective for failing to move to suppress evidence of the gun and cocaine base found during Washington's arrest. Washington argued that because the warrant for his arrest issued on August 3, 2004, was illegally obtained, the evidence discovered during Washington's arrest should have been excluded as "fruits of an illegal search." (Washington's § 2255 Mot. 5.)

The court summarily dismissed Washington's ineffective assistance of counsel claim because Washington challenged the legality of one of two outstanding warrants for his arrest. Thus, the court found that Washington could not demonstrate that his arrest and search were unlawful even if the court accepted his argument challenging the validity of one of the arrest warrants. (Order 4.)

In his motion to amend his § 2255 motion and his Rule 59(e) motion, Washington asserts that both outstanding arrest warrants were illegally obtained because they were based on a "bare bones" affidavit. (Washington's Mot. Amend § 2255 Mot. 1-2; Washington's Rule 59(e) Mot. 2.) The United States Court of Appeals for the Fourth Circuit has admonished the court to be watchful and distinguish a motion for reconsideration from a successive motion

---

[3] Id.

pursuant to 28 U.S.C. § 2255.[4]  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (internal quotation marks omitted).  "[A] district court has no discretion to rule on a [motion for reconsideration] that is functionally equivalent to a successive [§ 2255 motion]." Id. at 206.  "[A] prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals."  Id. at 205.  Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims."  Id.  Therefore, the court must distinguish the difference between a proper Rule 59(e) motion and a successive § 2255 motion.

"[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." Winestock, 340 F.3d at 207.  Washington's Rule 59(e) motion and motion to amend his § 2255 motion attack the validity of his conviction and sentence based on the new allegation that both arrest warrants were illegally obtained.  (Washington's Rule 59(e) Mot. 2; Washington's Mot. Amend § 2255 Mot. 1-2.)  Therefore, the court construes Washington's instant motions as motions to vacate, set aside, or correct his sentence pursuant to § 2255.[5]

---

[4] The court is aware that the United States Court of Appeals for the Seventh Circuit has held that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments.  Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002). However, the Fourth Circuit has previously construed a Rule 59(e) motion as a successive § 2255 motion.  United States v. Martin, No. 05-6263, 2005 WL 1248967, at *1 (4th Cir. May 26, 2005) (unpublished).

[5] Because this is a successive motion pursuant to § 2255, this case is not controlled by United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).

4

Because Washington has previously filed a § 2255 motion that was adjudicated on the merits, the instant motions are successive. As Washington has failed to obtain pre-filing authorization, the court lacks jurisdiction over these successive § 2255 motions, and Washington's motions are dismissed. See id. at 205.

Further, even if the court considered the merits of Washington's allegation that both arrest warrants were illegally obtained, it would not alter the original judgment of the court dismissing Washington's § 2255 motion. Officer John Garner ("Officer Garner") arrested Washington in a public place, the parking lot of a grocery store, in part for discharging a firearm into a vehicle. (Guilty Plea Tr. 34; Presentence Investigation Report ("PSR") 3.) At the hospital where one passenger was being treated for a gunshot wound, three passengers from the car into which Washington allegedly fired shots gave written statements identifying Washington as the shooter. (Washington's § 2255 Mot. Ex. 15 (Kendrick Starks ("Starks") Statement 1), Ex. 16 (Demond Dawson ("Dawson") Statement 1), Ex. 17 (Demetrious Evans ("Evans") Statement 1).) Officer Garner was present when the three passengers gave their written statements. (Id. Ex. 15 (Starks Statement 1), Ex. 16 (Dawson Statement 1), Ex. 17 (Evans Statement 1).) Hence, Officer Garner had probable cause to believe that Washington had committed the felony of discharging a firearm into a vehicle pursuant to S.C. Code Ann. § 16-23-440. See McKinney v. Richland Co. Sheriff's Dep't, 431 F.3d 415, 418-19 (4th Cir. 2005) (finding probable cause on the basis of a victim's identification of her attacker). If based on probable cause, the warrantless arrest of a felony suspect in a public place does not violate the Fourth Amendment. See United States v. Watson, 423 U.S. 411, 423-24 (1976). Therefore, Washington's arrest and incident search were lawful under the Fourth Amendment even if he could demonstrate that the outstanding

5

warrants for his arrest were invalid. Because the gun and cocaine were found during a search incident to a lawful arrest notwithstanding any alleged deficiencies in the arrest warrants, Loggins was not ineffective for failing to file a motion to suppress.

Based on the foregoing, Washington's Rule 59(e) motion and motion to amend his § 2255 motion are dismissed.

Therefore, it is

**ORDERED** that Washington's Rule 59(e) motion, docket no. 38, is dismissed. It is further

**ORDERED** that Washington's motion to amend, docket no. 39, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 6, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.